PER CURIAM.
We affirm the final judgment finding-HCA Health Services of Florida, Inc. not liable for the care and treatment of Davion McKeithan. The trial court did not err in granting HCA’s motion for directed verdict for two reasons. First, the plaintiffs presented no competent testimony as to causation, that had the nurses accessed the chain of command, such conduct would likely have led to a different outcome for the patient. Second, under Ewing v. Sellinger, 758 So.2d 1196 (Fla. 4th DCA 2000), the plaintiffs failed to present evidence that the failure of the nurses to access the chain of command would have affected the treatment decisions of the treating physician, who testified at trial.
There was no error in allowing Dr. Menkes to offer a supplemental opinion; the doctor based his opinion in part upon the deposition of another doctor, who testified at trial. The opinions of the other doctor, a pediatric neuroradiologist, are of the type reasonably relied upon by a pediatric neurologist in giving an opinion.
Finally, we find no error in the denial of the plaintiffs’ motion for directed verdict on the issue of the supervision of the graduate nurse. HCA presented evidence of supervision sufficient to submit the issue to the jury. The nurses involved testified that although they did not document the extent of their supervisor/graduate nurse relationship, the supervisor was routinely and customarily involved in the care of all patients within the unit.
*49 Although section 90.406, Florida Statutes (2003), does not apply to the routine practice of an individual, it is “left to the court to determine as a matter of circumstantial evidence whether there was sufficient probative value to allow the admission of the habit evidence.” ChaRles W. EhRHARDT, FLORIDA EVIDENCE § 406.1, at 255 (2002 ed). The trial court did not err in admitting the nurses’ testimony.
AFFIRMED.
POLEN and GROSS, JJ., concur.
KLEIN, J., concurs specially with opinion.